1815.

DENTON
v.
DENTON.

\* *Ante*, p. 363.

Bill dismissed, with costs.

————•: ✳ ◦:————

DENTON *against* DENTON.                *June* 22d.

On application for a writ of *ne exeat republica*, by a *wife* against her husband, pending a suit for *alimony*, &c., her affidavit is admissible, the proceeding being *ex parte*, and the wife, in that respect, considered as independent of her husband.

A writ of *ne exeat* may be granted prior to any decree for alimony.

And the court, in marking the writ, will exercise a sound discretion, under the special circumstances of the case, having due regard to the rank of the parties, and property of the husband, so as to prevent oppression or extortion.

*WELLS*, in behalf of the defendant, moved that so much of the order of the 23d *February* last, in this cause,† as directs the issuing of a writ of *ne exeat*, be discharged ; and that the bond given in pursuance thereof be given up to be cancelled ; and that the defendant have leave to depart from this state, either unconditionally, or upon giving security to return within some given time.

† *Ante*, p. 364.

The motion was accompanied with an affidavit of the defendant, denying any intention, before or at any time of the order aforesaid, of leaving the *United States* for *Europe ;* and that all allegations to the contrary were untrue. That it was, however, now necessary for him to go to *Europe*, on his private business ; and that his intention (if permitted to depart) is to return as soon as his business is finished ; and that he has no intention, permanently, to reside out of this state ;

VOL. I.                3 K

that the affidavits, on which the order was made, were, in other respects, untrue.

In support of the motion it was urged :

1. That the evidence was incompetent, on which the order was granted, being founded on the affidavit of the plaintiff, the wife of the defendant, and which was held to be inadmissible in *Sedgwick* v. *Watkins;* (1 *Ves.* jun. 49;) and on the affidavit of *B. Tucker,* stating merely the information of a third person, that the defendant intended to depart the state.

2. That admitting the evidence to be competent, it was not sufficient, inasmuch as it was not stated that the defendant intended to leave the state, *with intent* to avoid the decree of this court, touching the claim for alimony, and as no alimony had, as yet, been decreed.

*Colden,* contra.

THE CHANCELLOR. As the application for a *ne exeat* is *ex parte,* and as the wife is permitted to sue her husband in this court, her affidavit, as plaintiff, is admissible, on the same ground as that of any other plaintiff; and process of injunction, and a *ne exeat,* are, according to the usual course and practice of the court, obtained on the oath of the party. The case of *Sedgwick* v. *Watkins* does not appear to be founded on just principles. For the purpose of carrying on this suit, the wife is considered as independent of her husband, and she ought to be permitted to enjoy the rights of a party. In the case of *Shaftoe* v. *Shaftoe,* (7 *Ves.* 171.,) the application for a *ne exeat* was made on the oath of the wife, and no objection was taken ; and the Lord Chancellor proceeded to consider the merits of the motion, on the strength of her affidavit. The case in 1 *Vesey,* is, therefore, to be considered as virtually overruled. The case of *Shaftoe* v. *Shaftoe* is analogous in another respect, as the motion for a *ne exeat* was there made prior to any decree of alimony,

and was founded on the information and belief of the wife.

The great difficulty in these applications, when a suit is pending for alimony, is, that the right to alimony, and the amount of it, is uncertain ; and there is no certain sum for which to mark the writ. This court has always expressed an inclination to interfere in favour of the wife, if that difficulty could be surmounted. Lord *Loughborough* said he would grant the writ, if he could find a precedent; and Lord *Hardwicke* said, the *ne exeat* had been granted in this single case of alimony, out of compassion to the wife. (7 *Ves.* 173. *Dawson* v. *Dawson*, 1 *Ves.* jun. 94. *Coglar* v. *Coglar*, 2 *Atk.* 210. *Anon.* *Haffey* v. *Haffey*, 14 *Ves.* 261.) It does not appear to me that the difficulty of fixing on a sum is, absolutely, insurmountable. Courts of law always surmount it, when the writ is marked for bail in actions founded on torts. The amount of alimony will have a material reference to the rank of the parties, and the property of the husband. The case will always be governed by a sound discretion, arising out of its special circumstances ; and the court will take care that the writ be not used for oppression or extortion. Under this limitation, the process, in cases like this, when the intended departure of the husband is clearly made out, appears to me to be essential to justice.

I shall, in this case, allow the defendant to depart, on giving security in 10,000 dollars to abide the decree of the court, or to return within one year after such decree, so as to be amenable to the process of the court.

Rule accordingly.