[PHILADELPHIA, APRIL 16, 1835.]

## WILDEMUTH *against* HIGH.*

### APPEAL.

On appeal by a defendant from the judgment of a justice, and award by arbitrators for a less sum, the defendant does not under the act of 1810, forfeit his right to recover his costs on the appeal from the plaintiff, by calling a witness after the plaintiff had closed, who had been previously examined by the plaintiff, and could not testify to any thing material to the issue, on the part of the defendant.

WRIT of error to the Common Pleas of Montgomery County.

THIS suit in which *Catharine High* was plaintiff, and *Henry Wildemuth* the defendant below, was instituted before a justice of the peace, to recover from the defendant a bill for boarding his son, while in the employment of another person, Mr. *Sergeant,* a druggist. The justice gave judgment against the defendant for fifty-two dollars and fifty cents, from which he appealed to the Court of Common Pleas; and the case was referred under the compulsory arbitration act. The arbitrators reported in favour of the plaintiff, thirty-one dollars and fifty cents; and that each party should pay his own costs. The defendant obtained a rule to show cause, why judgment should not be entered without costs, and the defendant allowed his daily pay, counsel fee, and costs on the appeal. . This rule was discharged by the court, and was the error assigned.

The plaintiff gave evidence before the arbitrators, which she had not given before the justice. The defendant produced no evidence before the arbitrators, which had not been before the justice. On the trial before the arbitrators *John High,* the plaintiff's son, who had not been examined before the justice, was produced by the plaintiff. After he had been examined, and had withdrawn to another part of the room, the defendant told him not to depart, as he wished to examine him further. He was afterwards called by the defendant, immediately after the plaintiff had closed, and he testified as follows:—" Mr. *Sergeant* lived at the corner of Fourth and Wood street, about two squares from my mother's, where he kept a drug store, and *Jesse Wildemuth,* was with him. *Jesse* brought him to our house. I don't know that he moved from Philadelphia to Baltimore. I am generally away till after sun down."

The production of this testimony, it was alleged, exonerated the plaintiff from the payment of the defendant's costs on the appeal.

*Sterigere,* for the plaintiff in error.

* For the report of this case, the reporter is indebted to Mr. *Sterigere.*

(Wildemuth *v.* High.)

1. Costs are exclusively a matter of statutory regulation. 1 *Penn. R.* 461. *Ashmead,* 3. Neither justices, arbitrators, juries, nor courts, can give to, or deprive a party of costs, when the law prohibits or allows them. 2 *Binn.* 590. 4 *Binn.* 16. 1 *Serg. & Rawle,* 417. 2 *Serg. & Rawle,* 530. 10 *Serg. & Rawle,* 193. 15 *Serg. & Rawle,* 133. On the reversal or abatement of the judgment of a justice, on appeal, the plaintiff is not entitled to costs, act 1810. Sec. 4, *Purdon,* 496. 13 *Serg. & Rawle,* 198. 1 *Watts' Rep.* 129. Here the award being less than the judgment of the justice, the plaintiff is not entitled to costs.

2. The award being less than the judgment, and the defendant having given no new evidence before the arbitrators, which deprived him of costs, he is entitled to recover his costs on the appeal, from the plaintiff. The act of 1810, sec. 4, gives the defendant his costs on appeal, if he succeeds in reducing the judgment of the justice; if he produces no other evidence, than that which he exhibited before the justice. The condition is annexed to prevent him from holding back his evidence, before the justice. 1 *Browne,* 206. 16 *Serg. & Rawle,* 168. No small or accidental variance of proof, will discharge the appellee from costs. The general rule is, that if the appellant produces new evidence to strengthen his case, he loses his right to costs. 16 *Serg. & Rawle,* 168. If he called a witness who could testify to nothing, he would not lose his costs; for the same reason if the witness could not testify to any thing pertinent to the case, it would not affect his costs. In this case, the new evidence was in substance the mere cross-examination of one of the plaintiff's witnesses. What the witness stated, had no relation, or application to the issue. It did not vary the evidence. It does not deserve the character of the "*evidence,*" or "*proof*" in the cause. It did not in the slightest degree strengthen the defendant's case. The court should, therefore, have made the rule absolute. 2 *Rawle,* 149.

*Hirst,* for the defendant in error.

> Judgment reversed as to the costs, and affirmed as to the residue; and judgment that the defendant below, recover his costs on the appeal.