Chief Justice Robertson
delivered the Opinion of the Court.
Merrill filed a bill in chancery against Souther and Fowler, alleging that, after a fien facias on a judgment which he had obtained against Souther, had been returned nulla bona, the latter had obtained a judgment against him for a smaller sum, and, being hopelessly insolvent, had fraudulently assigned it to his co-defendant, Fowler; and therefore, praying for an injunction against the latter judgment, and tor a final decree of set-off.
In their answers, both defendants denied the imputed fraud, insisted that the assignment had been made bona fide, and for a valuable consideration, and therefore resisted the proposed set oft.
Upon a final hearing on the bill, answers and exhibits, without other proof, the Circuit Court dissolved the injunction, with damages, and dismissed the bill, with J costs. And that decree is now to be revised.
Although there is no proof of the alleged fraud, nevertheless, as there is, in our opinion, sufficient evidence of Souther’s insolvency at the date of the assignment, the , , i ° decree seems to us to be erroneous.
As Souther was insolvent when he obtained his in judgment against Merrill, the latter had eo mstanti, and, of course, at the time of the assignments, an equitable right to pay the judgment by setting off his own judgment against it. Robbins &c. vs. Holly, (1 Mon. 191.) Had the assignment, therefore, vested in Fowler a legal rio-ht to Souther’s judgment, he would, according to an express provision in the statute of assignments, have taken that right subject to the pre-existent equity of the judgment debtor. But a judgment not being assignable, either by statute or by the common law, Souther’s assign *306 ,meilt vested in Fowler only an equitable interest; and, a fortiori, his equity, being posterior to that of Merrill, cannot prevail against it, however fairly it may have 'been acquired; for as between two conflicting equities, eqUa.Ily meritorious, the elder must be preferred: prior tempore being, in such amase, potior jure.
The only remaining question, therefore, is whether— as the common law court in which both of the judgments had been rendered, might, as between the parties to them, have set off the one against the other — a court of equity had any jurisdiction to decree “the set-off. And we have no doubt 'that it had jurisdiction, for two reasons: first — before courts of mere law had, in analogy to the statute of assignments of George II., assumed jurisdiction to set off one judgment against another, courts of equity had authoritatively exercised the power to do so whenever, for any peculiar cause for equitable intervention, such as insolvency or non-residence, such a proceeding was necessary to prevent irreparable loss or irremediable injustice; and the assumption of jurisdiction, afterwards, by courts of law, did not oust the pre-established authority of courts of equity in those cases to which its extraordinary jurisdiction applied: second — in consequence of the assignment to Fowler, a motion for a set-off in the Court that rendered the judgments, would have been 'inappropriate; because he was a necessary party'to any proceeding for obtaining the set-off; and being no party to either of the judgments, and holding only an equitable interest in one of them, he could not have been appropriately made a party in a court of law, for the purpose of litigating antagonist equities between himself and Merrill.
Wherefore, the decree of the Circuit Court must be reversed, and the cause remanded with instructions to decree the set-off, and perpetuate the injunction.