· LEGER *vs.* BONNAFFE and others.

Where there was a negotiation respecting the sale and purchase of certain bills of exchange, and the terms of the sale were agreed upon between the parties on the 13th of November, but the bills were not delivered, nor the consideration for them paid until the 15th of November; *Held* that there was no complete sale of the bills until the 15th.

Where bills of exchange were drawn upon a firm in Havre, by their agent in New-York, and sold on the same day the drawees failed, but the agent, as well as the purchaser, was ignorant of such failure, at the time of the sale of the bills; *Held* that the sale was not fraudulent and void.   But that the purchaser was entitled to have the contract rescinded, on the ground of a mutual mistake as to a material and essential fact.   And that he could reclaim promissory notes of third persons transferred by him to the agent, as the consideration for the bills of exchange.

*Held also*, that a portion of such promissory notes having been transferred to third persons, by the drawees of the bills, under a general assignment for the benefit of creditors, without any new consideration being advanced, they passed subject to the equities of the former owner.

*Held further*, that the fact that the purchaser of the bills of exchange, after having commenced a suit in equity to reclaim the consideration paid therefor, had proceeded against the drawees under an attachment issued against them as absent debtors, did not divest him of his remedy in equity.

IN EQUITY.   The plaintiff resided in the city of New-York, and the defendants, Auguste Bonnaffé and Edward Bonnaffé, were merchants, and dealers in exchange, doing business at Havre, in France, under the firm of Bonnaffé & Co., and having an agency at New-York.   This agency was under the control of Charles Bonnaffé, who was authorized and empowered to draw bills on the firm.   On the 13th of November, 1847, the plaintiff applied to Charles Bonnaffé, the agent, for a bill on Havre, to remit the sum of $5025,53.   The agent offered to sell a draft for that amount, at 60 days, and to accept pay for the same in business paper; he, as the plaintiff alleged in his bill, representing Bonnaffé & Co. to be good.   The plaintiff, relying on the representations of the agent, purchased of him two bills of exchange dated Nov. 13, 1847, at 60 days, one for

Leger v. Bonnaffé.

13,000 francs, and the other for 13,258 francs and 40 centimes. The plaintiff thereupon delivered good business paper, in payment for the same. The plaintiff alleged that at the time when this transaction occurred, Bonnaffé & Co. were insolvent, and that the agent knew such to be the fact ; that such drafts were not accepted, and the agent declared they would not be paid. The plaintiff also alleged, in his bill, that the business paper so given in exchange for the drafts, was still in the hands of the agent; that Bonnaffé & Co., by their agent, on the 11th of Dec. 1847, made an assignment for the benefit of their creditors, to Charles H. Sagory and Victor De Launay. The bill in this cause was filed against Bonnaffé & Co., Charles Bonnaffé, the agent, and De Launay and Sagory, the assignees of Bonnaffé & Co., and prayed that the defendants might be enjoined from parting with the notes received by the agent from the plaintiff, and that those notes might be decreed to be delivered up to the plaintiff. The answer of the defendant Charles Bonnaffé admitted the fact of his agency, and of the sale of the bills of exchange to the plaintiff; but denied his having made any representations as to the solvency of the drawees. He also stated that the plaintiff, immediately after purchasing the bills, put them in circulation, and that they were not then in his possession ; that the agent acted bona fide in the whole transaction ; believing, at the time, that the drawees were perfectly responsible, and that the drafts would be duly accepted, and paid ; that some of the business paper so received in payment for the bills had been negotiated, and was in the hands of bona fide holders. The defendant denied, generally, all bad faith either in the original transaction, or in the subsequent assignment ; and alleged that he was the only one of the defendants named in the bill who knew any thing about the transaction; Bonnaffé & Co. being non-residents, and having no knowledge of the transaction except what had been derived from him. And he insisted that the plaintiff could not, and ought not to have or maintain this suit against him, because he acted merely as the agent of Bonnaffé & Co., and not as principal. He also insisted that the plaintiff was not entitled to any relief from a

Leger *v.* Bonnaffé.

court of equity, having an adequate remedy at law. The defendants De Launay and Sagory also put in their answers ; but Bonnaffé & Co. did not appear in the cause. On the 11th of Dec. 1847, an order was made in the suit, directing that a preliminary injunction issue therein, and that the defendants show cause why the same should not be made absolute. The plaintiff now moved for an absolute injunction, and for the appointment of a receiver. The defendants Charles Bonnaffé and De Launay & Sagory, upon the answers put in by them, and upon affidavits, opposed the motion.

*D. Lord,* for the plaintiff.

*E. H. Owen,* for the defendants.

EDWARDS, J. Before considering the other questions which were raised upon the argument of this motion, it becomes important to decide at what time the purchase of the bills of exchange was made. The plaintiff states, in his bill, that the negotiations which resulted in the purchase, and also the actual delivery of the bills to him, and the transfer by him of the notes in question to the agent of Bonnaffé & Co., all took place on the 15th of November. The defendant Charles Bonnaffé, who made the sale, alleges in his answer, that he drew the bills of exchange, on the 13th of November, but he does not allege that they were delivered on that day, or at any time before the 15th ; and he admits that the notes which were given in payment for the bills, were transferred and delivered to him on the 15th. The affidavit of Mann, the book-keeper of Charles Bonnaffé, also states that the bills were drawn on the 13th, and that on that day, an entry was made by him in the books of Bonnaffé & Co. to that effect, and that he considered the sale as having been made on that day. But he does not state when the bills were delivered, nor when the notes which were given for them were received. The facts appear to be then, that the terms of the sale were agreed upon on the 13th, but that neither were the bills delivered, nor was the consideration for them re-

Leger *v.* Bonnaffé.

ceived, till the 15th. The bills did not become the property of the plaintiff, nor did the notes become the property of Bonnaffé & Co. till that time. Of course there was no complete sale till then. It is alleged in the bill of complaint, and is admitted in the answers, that the house of Bonnaffé & Co., at Havre, failed on the 15th of November, the day on which the sale of the bills of exchange and the transfer of the notes in question took place. The answer of Charles Bonnaffé denies that he made the representations alleged by the plaintiff, or that he knew of the insolvency of the house, and as far as he is concerned rebuts the allegation of fraud. The question to be decided is, whether, under these circumstances, the plaintiff is entitled to reclaim the notes.

As the answer of Charles Bonnaffé, which is in that respect responsive to the bill, denies all the allegations on which the charge of fraud is founded, the plaintiff is not entitled to the relief sought, on that ground. The agent here cannot be charged with fraud, for he was ignorant of the insolvency of his principals; and the principals abroad cannot be charged with fraud, for they did not know of the sale made by their agent here. But, though the plaintiff has not made out such a case as to entitle him to an injunction on the ground of fraud, I am of opinion that there are sufficient allegations in the bill which are admitted, or are undenied by the answer or affidavits, to entitle the plaintiff to the relief which he seeks on other grounds. The fact of the failure of the house of Bonnaffé & Co. is one of such a character, that if it had been known to the agent here, who sold the bills, it would have made the transaction fraudulent. And although it was not known, it made the bills worthless; at least for the purpose for which they were purchased, viz. for remittances abroad. There was a clear, though innocent mistake upon both sides, as to a material and essential fact, which, if it had been known to the plaintiff, must have prevented him from entering into the contract, and which if it had been known to the agent would have rendered the contract void. And I can hardly conceive of a case which could present stronger grounds for the rescission of a contract

on the ground of mistake, than this. (*See Story's Eq. Jur.* §§ 140, &c.)

It appears from the answer of Charles Bonnaffé, that a portion of the notes in question had been transferred to bona fide holders for a valuable consideration before the filing of the bill of complaint. As to these, the plaintiff is remediless in this suit. But it is contended on the part of the defendant, that the plaintiff has no remedy in this suit as to the remainder of the notes, because on the day of the filing of the bill of complaint in this cause, and before the service of the preliminary injunction, the defendant Charles Bonnaffé, under a general power of attorney, had made an assignment of the residue of the notes in question to the defendants De Launay and Sagory, for the benefit of the general creditors of Bonnaffé & Co. The answer to this is, that under such an assignment, there having been no new consideration actually advanced, the notes passed, subject to the equities of the plaintiff. (*In Re Howe*, 1 *Paige*, 128. *Stanly* v. *The Sugar Refinery*, 2 *Edw.* 505. *Lupin* v. *Marie*, 2 *Paige*, 169. *S. C.* 6 *Wend.* 77, 82. *Haggerty* v. *Palmer*, 6 *John. Ch.* 437.)

It was next objected on the part of the defendant that the plaintiff was not entitled to the relief sought, on the ground that, after filing his bill, he had made a claim against the defendants Bonnaffé & Co., under an attachment issued against them as absent debtors, which claim it is alleged, in an affidavit of the clerk of the solicitor for the defendant, was for the same amount as the bills sold to the plaintiff. And it is also alleged, upon the belief of the person making the affidavit, to be for the same claim as that which is in controversy here. But I do not consider such a claim as divesting the plaintiff of his remedy in this suit. The claim was made after the bill was filed, and was merely the pursuit of a concurrent remedy. The plaintiff certainly cannot have a double satisfaction. And although this suit might be a bar to his claim under the attachment, that claim certainly ought not to be a bar to this suit. Another objection which was made on the part of the defendants is, that the plaintiff has not alleged that he was the owner or holder

of the bills of exchange at the time of filing his bill.   It is true that there is no allegation of that kind in the bill, and that there is an allegation to the contrary in the answer of Charles Bonnaffé.   This would unquestionably be a sufficient objection to the *decree* sought by the plaintiff.   But I do not consider it a sufficient objection to the motion which I am now called upon to decide.   This cause is analogous to the case at law, where an action of trover is brought for the conversion of goods which have been obtained by fraudulent pretences, and for which the defendant has given his own note.   In that .case it is sufficient if the note is delivered up to the defendant, or cancelled on the trial.   (*Thurston* v. *Blanchard*, 22 *Pick. Rep.* 18.)

An order must be entered directing that the injunction be made absolute, and that it be referred to Ogden Edwards, Esq. to appoint a receiver of the notes received by the agent of Bonnaffé & Co. from the plaintiff, on the sale of the bills of exchange mentioned in the bill of complaint, and which have been assigned to De Launay and Sagory, as stated in the answer of the defendant Charles Bonnaffé.

