The order appealed from should be affirmed, with $10 costs.

CLERKE and BARNARD, JJ., concurred.

---

## SCHIEFFELIN *a.* HAWKINS.

*New York Common Pleas; Special Term, March,* 1862.

### SET-OFF.—ASSIGNEE FOR BENEFIT OF CREDITORS.—VALUABLE CONSIDERATION.

An assignee for benefit of creditors is not entitled to the same favor in equity as a purchaser for a valuable consideration. He acquires no better title than his assignor had.

In cases of cross-indebtedness arising out of mutual dealings, either party is entitled, upon a liquidated debt to him becoming due, to have it set off against debts which he owes to the other party.

This right may be enforced against an assignee for the benefit of creditors, if the contract creating the debt had been executed, so that the assignor's liability had been fixed before the assignment was executed.

Motion for judgment on demurrer to complaint.

The action was brought by Schieffelin, Dix, Gellatly & Westerfield against R. C. Hawkins, assignee, and P. and A. Duclos. The complaint set up facts which appear fully in the opinion of the court.

*D. A. Hawkins,* for the demurrer.—To entitle plaintiffs to the set-off, their claim against the assignors must, at the time of the assignment, have been a matured claim—one on which a suit at that date could have been brought against the assignors. Not being, then, a matured claim, but only an obligation or contract, running to maturity at a day subsequent to the assignment, it cannot be set up against the claims vested by the

assignment in the assignee, but those claims must be paid in full to the assignee, and then plaintiffs, like other creditors, must take their pro-rata dividend from the assignee. (Haxtun *a.* Stevens, 3 *Wend.*, 23, *note;* Myers *a.* Davis, 22 *N. Y.*, 489.)

*E. & E. F. Brown*, opposed.—I. It is not disputed that there were mutual demands existing between the plaintiffs and the assignors at the time of making the assignment, and were it not for the assignment, this action could clearly be maintained as against the assignors. The case of Lindsay *a.* Jackson (2 *Paige*, 581) would be precisely in point, if the suit was brought against the assignors.

II. The plaintiffs' rights have not been changed by the assignment. (Maas *a.* Goodman, 2 *Hilt.*, 275; Receiver *a.* Patterson Gas Light Co., 3 *Zabr.*, 283.) The doctrine of Myers *a.* Davis (22 *N. Y.*, 489), does not apply, for it is apparent that no legal demand existed in favor of the defendants when the assignment was made.

DALY, F. J.—This action is brought to compel an equitable set-off of cross-claims arising as follows: On the 22d of May, 1860, the defendants Duclos & Co. bought of the plaintiffs a bill of goods amounting to $1,253.52, for which they gave the plaintiffs their promissory note, payable in six months. About a fortnight before the note became due, that is, on the 9th of Nov., 1860, the plaintiffs purchased of Duclos & Co. a bill of goods amounting to $1,593.23, upon a credit of six months, the principal part of which consisted of the same goods which Duclos & Co. had purchased of the plaintiffs, and for which the note above referred to was given; and in a week afterwards, that is, on the 15th of November, 1860, Duclos & Co. made a general assignment to the defendant Hawkins for the benefit of creditors.

When the assignment was made, neither of the cross-demands were due. The note of Duclos & Co. fell due ten days after the assignment, while the claim against the plaintiffs did not mature until nearly six months afterwards. When it fell due, the plaintiffs brought the present action to restrain Hawkins from assigning or disposing of it, and, as it exceeds the note in amount, that so much of it as will suffice may be set off against,

and in extinguishment of, the note. The defendant Hawkins demurs to the complaint, and the plaintiffs move for judgment on the demurrer.

This is a case of cross-indebtedness growing out of mutual dealing, and in such a case a court of equity, especially where one of the cross-debtors is insolvent, will always interpose, setting off one debt against the other, and adjudging the balance to be the sum which is equitably due. (Lord Lanesborough *a.* Jones, 1 *P. Wms.*, 230; Hawkins *a.* Freeman, 2 *Eq. Cas. Abr.*, 10; Pond *a.* Smith, 4 *Con.*, 302; Robbins *a.* Hawley, 1 *Monroe*, 194; Lindsay *a.* Jackson, 2 *Paige*, 581; *Story's Eq. Jur.*, § 1436.)

This power existed in courts of equity before any statute of set-off was passed. (Anon., 1 *Mad.*, 215.) "Set-offs were allowed," says Chief-justice Ewing, in The State *a.* Welslead (6 *Halst.*, 398), "satisfying one demand by means of another, not because of the statute, but because it was incidental to the due administration of the law, and flowing from the right to control suitors to such a course as is demanded by equity and justice; . . . but this extraordinary power will be exercised only where demands are fixed and ascertained." It is not sufficient, however, that a demand is liquidated or ascertained. Before the court will order it to be set off, it must also be due. Thus, it was held by the Court of Appeals, in Bradley *a.* Angel (3 *N. Y.*, 475), that a set-off would not be ordered in equity where the cross-demand against an insolvent was not yet due—the reason for which is obvious. The insolvent is entitled to the full period of credit; and until he is bound to pay the debt, a debt due to him cannot be set off against it. Whatever may be the effects of his insolvency, the court cannot change the contract of the parties. But where the debt owing to the insolvent has become due, it is not necessary to wait until the cross-claim is payable, as the continuance of the credit in that case is a matter solely for the benefit of the other party, which he may, if he think proper, waive. (Lindsay *a.* Jackson, 2 *Paige*, 581.)

In the present case, neither of the cross-demands were due when Duclos & Co. made their assignment, though the amounts respectively owing by each were then ascertained and fixed. Now, however, that they are due, and that this application is

made to the equitable power of the court to set off the one against the other, the question arises whether the right which would otherwise exist has been lost by the transfer of the claim against the plaintiffs to Hawkins.

In Chance *a.* Isaacs (5 *Paige*, 592), Chancellor Walworth declared that when a demand is not due at the time of an assignment, but will become due before the cross-demand, an equitable right of set-off exists, of which it would be unconscientious to deprive the other party by assigning the claim against him to an assignee for the benefit of creditors; but the point arose incidentally, and was not essential to the decision of the case.

The question, however, came up directly before the Superior Court, in Keep *a.* Lord (2 *Duer*, 78), a case that differed from the present only in the circumstance that the cross-demands there were independent and disconnected, while here they grew out of mutual dealings, a distinction which is not material,—it being well settled that the insolvency of one of the cross-debtors, even where the demands are independent and disconnected, is a sufficient ground in equity for compelling a set-off. (Merritt *a.* Fowler, 6 *Dana*, 306; Robbins *a.* Hawley, 1 *Monroe*, 194; Pond *a.* Smith, 4 *Con.*, 302; Simpson *a.* Hart, 14 *Johns.*, 63; Lindsay *a.* Jackson, 2 *Paige*, 581; Rawson *a.* Samuels, 1 *Craig & Phillip*, 161.)

In this case of Keep *a.* Lord, the opinion of Chancellor Walworth was considered and dissented from; and it was there held that as the claim against the insolvent was not due when he made his assignment for the benefit of creditors, that the assignee took the cross-demand devested of any right on the part of the solvent debtor to set off against it the claim owing by the insolvent when that claim became due. The ground taken by the court was, that the right of set-off must attach at the time when the assignment is made; that it did not attach then, as neither of the claims were due, and could not arise afterwards when they did become due, as the claim against the plaintiff had passed before that event to the assignee. A similar decision growing out of the assignment in the present case was pronounced by Mr. Justice Hoffman, sitting at the special term.

In Maas *a.* Goodman (2 *Hilt.*, 275), the general term of this court, reversing a decision at the special term, dissented from the view taken by the Superior Court in Keep *a.* Lord, and held

in an action brought by an assignee for the benefit of creditors, to recover for a bill of goods sold by the insolvent before his assignment to the defendants, that the defendants were entitled to set off a note made by the insolvent, and held by them when the bill of goods was sold to them, though the note was not due or payable until several months after the assignment. In that case, as in this, the debt owing by the insolvent became due before the cross-demand.

Since that decision was made, the case of Myers a. Davis (22 N. Y., 489), has been decided in the Court of Appeals, a case relied upon by the defendant Hawkins as in conflict with our decision in Maas a. Goodwin, and as sustaining the decision of the Superior Court in Keep a. Lord. Upon examining that case, however, it will be found that it does not affect or touch the question now under consideration. In that case an action was brought by an assignee for the benefit of creditors, to recover for goods sold by the insolvents to the defendant before their assignment; and it was held that the defendant could not set off against the debt a claim for articles ordered by the insolvents of the defendant, before their assignment, but which were not manufactured by him until several months afterwards. In this case the debt proposed to be set off had not been created when the assignment was made. The contract was then executory, and one which the defendant was under no obligation to perform after the parties to it had become insolvent. If he saw fit, after that event, to go on and execute the order, it gave him, undoubtedly, a claim against the insolvents, but none against the estate which they had previously assigned. The claim against the defendant was a subsisting liability when the assignment was made. It was for goods sold and delivered to him by the insolvents, and no right of set-off attached to it, as no liability on the part of the insolvents had then grown out of the performance of any contract on the part of the defendant.

While any thing remains to be done under an executory contract, it cannot be the subject of a set-off. It must be executed, or all that the party is required to do must be done, before it can be enforced for any purpose, whether by way of set-off or otherwise. The equitable right of set-off attaches only in cases where the respective liabilities have been fully ascertained, liquidated, and fixed. This was not the case in Myers

*a.* Davis, but it was in the present case. When the assignment was made here, each of the cross-debtors had received the consideration upon which his obligation was founded. The amounts respectively due were ascertained and the day of payment fixed, and in the order of payment the plaintiffs were entitled to receive from the insolvents the amount of the note in their hands long before they could be called upon to pay the note given by them. The reciprocal obligations having had their origin in mutual credits, and the consideration for each having been fully received, an equitable right of set-off existed, which the plaintiffs had the right to compel as soon as the note of Duclos & Co. was past due, and which could be defeated only by a transfer of the plaintiffs' note to a *bona-fide* holder.

The assignee in this case was not a *bona-fide* holder; and the error of the Superior Court, in Keep *a.* Lord, as pointed out by Judge Brady, in Maas *a.* Goodwin, consisted in applying to a general assignee for the benefit of creditors, a rule that is applicable only when an assignment is made to an insolvent purchaser for value. (Brown *a.* Heathcote, 1 *Atk.*, 162.) That the court did not consider that there was any distinction, is apparent from a case reported in the same volume (Hicks *a.* McGrorty, 2 *Duer*, 295), in which it was decided that an assignee for the benefit of creditors has, as against a set-off, all the protection that is afforded to an assignee for value. No authority is cited in the opinion of the court in support of this decision, nor is any referred to upon the argument, except the case of Jackson *a.* Bloodgood (1 *Johns. Cas.*, 51), a case that by no means warrants any such conclusion; all that the court held in that case being, that the defendant could not set off against his own debt a note of the insolvent, purchased after it was due, and after the defendant had constructive notice that the insolvent had made a general assignment to the plaintiff for the benefit of creditors; while, on the contrary, there are a number of cases in this State, the conclusion to be adduced from which is, that such an assignee is not to be regarded as a purchaser for a valuable consideration, and is in no better position in enforcing choses in action, transferred by the assignment, than the insolvent would be. (Clason *a.* Morris, 10 *Johns.*, 525; Curtis *a.* Leavitt, 15 *N. Y.*, 195; Van Heusen *a.* Radcliffe, 17 *Ib.*, 580; Griffin *a.* Marquardt, *Ib.*, 28; Leger *a.* Bonaffe, 2

*Barb.*, 475; Warren *a.* Fenn, 28 *Ib.*, 333; Marine & Fire Ins.
Bank of Georgia *a.* Jauncy, 1 *Ib.*, 486; Matter of Howe, 1
*Paige*, 125; Mead *a.* Phillips, 1 *Sandf. Ch.*, 83; Murray *a.*
Lyburn, 1 *Johns. Ch.*, 443.)

A: general assignee for the benefit of creditors succeeds mere-
ly to the rights of the assignor. He is not, in respect to the
property transferred, a *bona-fide* holder for value, but takes it
simply as a trustee, subject to any equities which may exist
between the debtor and his creditors. It is an appropriation
by the debtor of his property, in trust, for the payment of his
debts, in the order and manner specified; an act by which he
devests himself of it for the time being, without altogether
parting with his interest in it; for, should any property or its
proceeds remain after the trust is accomplished, it returns to
him.

In Van Waggenen *a.* The Patterson Gas Light Co. (3 *Zabris-
kie, N. J.*, 283), it was said that the general doctrine is, that a
debtor is entitled to the same allowance by way of set-offs
against the claim of an assignee for the benefit of creditors,
that he would have against the insolvent himself. Assignments
of this nature transfer the rights of the insolvent to the assignee,
precisely in the same plight and condition as he possessed them.
In Trow *a.* Ferguson (11 *Ala.*, 885), the court says: "The gen-
eral assignee of a debtor in failing circumstances stands precise-
ly in the same condition as the debtor himself;" and in Knowles
*a.* Lord (4 *Wharton*, 507), "Such an assignment does not place
the assignee in any different situation in point of equity than
the assignee himself;" and in an early case (Redoubt *a.* Brough,
*Cowp.*, 134) it was declared that, as respects the right of set-off,
the assignee occupied the same position as the bankrupt. As-
signments of this nature have been aptly termed by Chief-justice
Gibson, "A bankrupt law made by the debtor for the benefit
of himself" (5 *Rawle*, 321); and viewed in this light, the prin-
ciple laid down in the English courts of equity, in assignments
to commissioners in bankruptcy, is applicable—that assignees
of this character, in the language of Lord Hardwicke, "though
they are trustees for creditors, yet stand in the place of the
bankrupt, and can take in no better manner than he could."
(Brown *a.* Heathcote, 1 *Atk.*, 162.) "They are not," says Lord
Eldon, in Mitford *a.* Mitford (9 *Ves.*, 100), "considered pur-

chasers for a valuable consideration. The rights of the bankrupt pass precisely in the same plight and condition in which he possessed them. Even where a complete legal title vests in them, and there is no notice of any equity affecting it, they take, subject to whatever equity the bankrupt was entitled to."

There was, as I have already stated, an ascertained and subsisting equity between the plaintiffs and Duclos & Co., when they made their assignment, which was not, and could not be, affected by that instrument. The defendant Hawkins, as their assignee, stands precisely in the same condition as they did; and now that their note is due and payable, the plaintiffs are entitled to have it set off against the debt owing by them.

The demurrer, therefore, is overruled.