JOHN H. RICHARDSON v. JOHN P. RICHARDSON.

**Judgments Set Off Against Each Other—Jurisdiction.**

Judgments for the recovery of money may be set off against each other, but the circuit court has no jurisdiction to enjoin the collection of judgments rendered by a justice of the peace.

Independently of the provisions of the code (Civil Code, § 470) courts of chancery have jurisdiction to set off one judgment against another when injustice and wrong are about to result to one of the parties on account of the insolvency or non-residence of the other.

APPEAL FROM ESTILL CIRCUIT COURT.

November 4, 1874.

OPINION BY JUDGE COFER:

The appellant having recovered six judgments in the court of a justice of the peace on notes for fifty dollars each, the appellee brought suit in equity in the circuit court of the county to enjoin the judgments, on the ground that the notes were not his acts and deed, and that he owed the appellant nothing, and the court on final hearing perpetually enjoined the collection of the judgments.

Sec. 314, Civil Code, provides that an injunction to stay proceedings on a judgment or final order of the court shall not be granted in an action brought by the party seeking the injunction, in any other court than that in which the judgment or order was rendered or made.

It is, therefore, clear that the circuit court had no jurisdiction in this case to enjoin appellant's judgments, and so much of the judgment as attempts to do so must be reversed. If the appellee is the owner of the judgment rendered in the circuit court against appellant in favor of the distributees of Moab Freeman, and appellant is a non-resident of this state, and anything remains due on that judg-

ment, he may by appropriate proceedings in the proper court have it set off against the judgments in appellant's favor in the justice's court. Sec. 407, Civil Code.

We cannot determine from anything in this record whether the appellee is, or claims to be the owner of that judgment; but if he is the owner, he ought to be allowed to amend his pleadings on the return of the cause, and have the judgments offset one against the other, if the circuit court has jurisdiction at appellee's instance to so decree.

Section 407, Civil Code, provides that "judgments for the recovery of money may be set off against each other, having due regard to the legal and equitable rights of all persons interested in both judgments. The set-off may be ordered upon motion, after reasonable notice to the adverse party, where both judgments are in the same court, or in an action by equitable proceedings in the court in which the judgment sought to be annulled by the set-off, was rendered." The judgments which the appellee seeks to annul by the set-off are those against him in the justice's court; and it would seem that this section requires the proceedings for that purpose to be instituted in that court.

But courts of chancery have jurisdiction, independent of the code of practice, to set off one judgment against another, when injustice and wrong are about to result to one of the parties on account of the non-residence or insolvency, of the other. *Merrill v. Souther & Fowler*, 6 Dana 305; *Allnut, et al., v. Winn*, 3 J. J. Mar. 304.

If, therefore, the appellee is the equitable owner of the judgment against appellant in the case of Sally Freeman, *et al.*, against him, and the latter is a non-resident, the appellee may be allowed to amend his pleadings so as to set up that judgment, and have so much of it as may remain unsatisfied after deducting such credits as appellant may be entitled to, set off against the judgments against appellee in the justice's court.

But even then no enquiry can be made into the validity or justice of those judgments. That subject is concluded; and if it were not, the appellee could not complain. In the suit of Sally Freeman, *et al.*, against appellant he was charged with the notes on appellee, and they go to make up a part of the amount of the judgment. If appellee owns the judgment, of course he must account for the notes, and if he does not, he must pay the notes, for which appellant has been required to account, to the distributees of Moab Freeman. The appellant is also entitled to credit the judgment

against him, for the advances made by him to the various benefi-
ciaries under the deed of trust from Freeman to him, with interest
from the date of the payment. That judgment entitles him to cred-
its therefor by its express terms, and as appellee was a party to that
suit and judgment, he is bound by all its terms; and if he were not,
appellant would still be entitled to the credits.

He had the legal title to the land under the deed of trust, and had
authority to make the advances by its terms; and having done so
without actual notice, as far as appears, of the sales to appellee, and
some of the payments having been made before appellee purchased
the shares of those to whom they were made, he holds subject to
deductions out of the judgment for all the advances made to any of
the beneficiaries prior to the date of the judgment against appellant.
The three notes still held by appellant, if executed by the appellee
for rent, and charged to the former in the settlement, should also be
deducted, principal and interest, from the judgment. Unless the ap-
pellee shall offer to amend his pleadings within a reasonable time so
as to conform to the directions of this opinion, his injunction should
be dissolved, and his petition should be dismissed; but as appellant
concedes in his answer that appellee ought not to be compelled to
pay the three notes tendered therewith, they should be cancelled be-
fore the petition is dismissed.

Wherefore the judgment is *reversed,* and the cause remanded for
further proceedings consistent with this opinion.

*A. W. Quinn, for appellee.*