## KNOX VS. CLIFFORD.

38 651
81 35

38 651
86 180

NEGOTIABLE PROMISSORY NOTE. (1) *Contemporaneous parol agreement not to negotiate, cannot be shown.* (2) *Consideration.* (3) *One who takes in payment of preexisting debt, protected.* (4) *When maker estopped from showing that note was made on Sunday.*

1. In an action on a promissory note, evidence is inadmissible to show a parol agreement, made when the note was given, that it should not be negotiated by the payee.
2. Where a note was given for an amount due the payee from the maker on a certain contract, this was a sufficient *consideration*, although the payee may have owed the maker at the time more than the face of the note, on other contracts.
3. One who takes negotiable paper, before maturity, without notice, *in absolute payment of a preexisting debt*, surrendering his previous security, is protected by the law merchant against all equities of the maker as against the payee.
4. One who makes and puts in circulation a negotiable note, *bearing date on a secular day*, is *estopped*, as against an innocent holder, from showing that it was executed *on Sunday*.

APPEAL from the Circuit Court for *Portage* County.

Action to recover the sum due on a note of defendant, for

$788, bearing date, St. Louis, Mo., March 14, 1874, payable at the McCulloch Bank, Stevens Point, Wis., to the order of J. H. Cronkhite. The note was indorsed to the plaintiff before maturity, and was duly protested, of which notice was duly given.

The answer alleged that the note was delivered upon the express condition that it should not be negotiated by the payee; and that defendant was not at the time of its negotiation, and is not now, indebted thereon in any sum; of all which the plaintiff had full notice before buying it; that the agreement pursuant to which the note was made, was entered into, and the note signed and delivered, on the 15th of March, 1874, which was Sunday; and that under the laws of Missouri the note was void for that reason. There was a reply in denial.

On the trial, the court rejected evidence offered by defendant to prove an agreement between himself and the payee, at the time the note was given, that it was not to be negotiated.

The facts shown by the evidence, as understood by the trial court and by this court, will sufficiently appear from the opinion.

The court found as facts that the note was made and delivered to the payee on Sunday, but was dated on Saturday; that the plaintiff purchased it before due, in good faith and for a valuable consideration, without notice of any defense or any equities existing between the defendant and the payee. It therefore rendered judgment in plaintiff's favor for the amount claimed; from which defendant appealed.

*Gerrit T. Thorn*, for appellant:

1. It was early held that a note made void by statute is void even in the hands of an indorsee for value, without notice. *Lowe v. Waller*, 2 Doug., 739; *Holman v. Johnson*, 1 Cowp., 341. The plaintiff parted with no security. He took the indorsement of Cronkhite, which became a *substituted* security, and was binding upon Cronkhite, even though the note was void. The preëxisting debt of Cronkhite to the plaintiff has not been

discharged; but the note was received as collateral, with a new obligation of Cronkhite in the place of the evidence of the old one. The fact that Cronkhite is yet holden to plaintiff for the full amount of the note, precludes the idea of its being taken in payment. *Roxborough v. Messick*, 6 Ohio St., 448, 453; *Edwin v. Downs*, 15 N. Y., 575; *McKnight v. Wheeler*, 6 Hill, 492; *Hicks v. Wirth*, 4 E. D. Smith, 80; *Farrington v. Frankford Bank*, 24 Barb., 554; *Traders' Bank v. Bradner*, 43 id., 379; *Central Bank v. Dana*, 32 id., 296; *Torry v. Hadley*, 27 id., 192; *Higby v. R. R. Co.*, 3 Bosw., 497; *Small v. Smith*, 1 Denio, 583; *Morrison v. Welty*, 18 Md., 169; *Jenkins v. Schaub*, 14 Wis., 1; *Bowman v. Van Kuren*, 29 id., 209. The burden was on plaintiff to show both good faith and payment of value; and this he failed to do. *McKesson v. Stanberry*, 3 Ohio St., 156; *Bissell v. Morgan*, 11 Cush., 198; *Monroe v. Cooper*, 5 Pick., 412; *Sistermans v. Field*, 9 Gray, 331; *Bailey v. Bidwell*, 13 M. & W., 76. 2. There is sufficient evidence to show that the plaintiff constituted his brother his agent to obtain information about the note, and that notice was given to ·the agent of the invalidity of the note; and it is well settled, that the principal knows whatever the agent knows. Dunlap on Agency, 62. 3. The note was void, being made on Sunday. *Hill v. Sherwood*, 3 Wis., 343; *Melchoir v. McCarty*, 31 id., 252; *Smith v. City of Albany*, 7 Lans., 14; *Kepner v. Keefer*, 6 Watts, 231; *Lyon v. Strong*, 6 Vt., 219; *Walls v. Van Ness*, 1 Hill, 76; *Northrup v. Foot*, 14 Wend., 248; *Rigney v. White*, 4 Daly, 400; 10 Ind., 386; 9 id., 112; 4 id., 619; 13 id., 565; 12 Mich., 378; 8 Minn., 41; 9 id., 194. If not dated on Sunday, evidence might be introduced to show the fact. *Bank v. Mayberry*, 48 Me., 198. The doctrine of estoppel has no place here, plaintiff not being shown to be a holder in good faith, for value. 4. The statute of Wisconsin controls, as the law of the place of performance must prevail. *Robinson v. Bland*, 2 Burr., 1077; Story on Conflict of Laws, 241, 242; *Thompson v. Ketchum*, 8 Johns., 189; Tay. Stats., 1954.

*Raymond & Packard*, for respondent:

1. There is no evidence that the plaintiff had notice, prior to purchasing the note, of any defense; and the burden of proof of such notice is upon the defendant. *Swift v. Tyson*, 16 Pet., 15; *Boss v. Hewett*, 15 Wis., 260.   2. The testimony tending to vary the terms of the note was properly excluded. *Cooper v. Tappan*, 4 Wis., 362; *Gregory v. Hart*, 7 id., 532; *Racine County Bank v. Keep*, 13 id., 209; *Murdock v. Arndt*, 1 Pin., 70.   3. The question as to the consideration of the note is wholly immaterial, unless the plaintiff had notice prior to the purchase. *Stillwell v. Kellogg*, 14 Wis., 461; *Croft v. Bunster*, 9 id., 503; *Thomas v. Thomas*, 7 id., 476.   If the note was taken as payment or part payment of a preexisting debt from Cronkhite to the plaintiff, and such indebtedness released *pro tanto*, it is as much a valuable consideration as if the note had been purchased for cash in hand.   *Cook v. Helms*, 5 Wis., 107; *Jenkins v. Schaub*, 14 id., 1; *Gleason v. Day*, 9 id., 498; *Stevens v. Campbell*, 13 id., 375; *Shufeldt v. Pease*, 16 id., 659; *Rice v. Cutler*, 17 id., 351; *Bange v. Flint*, 25 id., 544.   4. The note is not absolutely void in the hands of a *bona fide* purchaser for the reason that it was made and delivered on Sunday.   When the consideration of a note arises out of a transaction prohibited by statute, the note is good in the hands of an innocent indorsee, unless the statute in express terms declares it to be void.   *Moore v. Kendall*, 1 Chand., 33; Kyd on Exchange, 280–283; Story on Bills, §§ 188–190; Chitty on Bills, ch. 3, pp. 92, 93, 115, 116; *Lowes v. Mazzareda*, 1 Starkie, 385; *Wyatt v. Bulmer*, 2 Esp., 538; 3 Kent, § 44, pp. 79, 80; Bayley on Bills, ch. 12, pp. 512–521; *Gould v. Armstrong*, 2 Hall, 266; *Vallett v. Parker*, 6 Wend., 615; *Swift v. Tyson*, 16 Pet., 15–22.   5. There was no proof as to what the Sunday laws of Missouri are, and the courts will not take judicial notice of the laws of a sister state.   *Rape v. Heaton*, 9 Wis., 328; *Walsh v. Dart*, 12 id., 635.   Nor is there any presumption in this case that the Missouri law is the same as our own.   *Hull v. Augus-*

*tine*, 23 Wis., 383; *Cutler v. Wright*, 22 N. Y., 472. 6. The defendant is estopped from setting up the alleged illegality as against an innocent holder. *Chynoweth v. Tenney*, 10 Wis., 397; *Racine County Bank v. Lathrop*, 12 id., 466.

COLE, J. No time need be spent in considering the exception taken to the ruling of the court below striking out the evidence relating to a parol agreement, made when the note was given, to the effect that the note was not to be negotiated by the payee. That evidence directly tended to vary the terms of the note, which was negotiable. The rule is elementary, that a written contract cannot thus be contradicted or varied by parol testimony.

Against the plaintiff's objection, the defendant was allowed to go into the question of the consideration of the note. In doing so, he clearly proved by his own testimony that the note was given for the amount due the payee on a lumber contract, which, of course, was a sufficient consideration. True, he added that the payee owed him more than the face of the note on other lumber contracts. It well might be that the defendant had offsets to the note as against the payee, but there was no failure or want of consideration.

But this action is brought by an indorsee, and the question is, Can he be affected by the equities existing between the original parties? The circuit court found that the plaintiff purchased the note before maturity, for a valuable consideration, without notice of any defense or equities existing as between the defendant and the payee. It is claimed by the counsel for the defendant that this finding is not supported by the testimony in the case. First, it is said the plaintiff was not a holder for value. Upon that point the plaintiff testified in substance — and his statements are uncontradicted, — that he held notes against Cronkhite, the payee, and that he took the note in suit in part payment of those notes. This court has frequently held that a purchaser of negotiable paper before

due, who takes it (without notice of any equities which attach thereto between the antecedent parties) in absolute payment of a preexisting debt, and surrenders his previous security, is a *bona fide* holder within the law merchant. *Cook v. Vandercook*, 5 Wis., 107; *Stevens v. Campbell*, 13 id., 376; *Jenkins v. Schaub*, 14 id., 1; *Bange v. Flint*, 25 id., 544. The facts proven fully bring the plaintiff within the application of the rule laid down in these cases.

But again it is said that the plaintiff, before he took the note, had notice of the facts which impeached its validity. We do not think the evidence warrants the inference that he had any such notice. The plaintiff testified, in respect to this point, that he wrote to his brother to see McCulloch (at whose bank the note was made payable) " to know if the notes against *Clifford* were good." He adds that he made the exchange before he heard from his brother; and had no suspicion at the time that there was anything wrong with the payee. To prove notice, the defendant testified, in substance, that the brother of the plaintiff came to his store to inquire about the note, and that he informed him of everything about the paper, and that the note was made on Sunday. There is nothing to show that this interview took place before the plaintiff purchased the note; and if it did, unless the plaintiff testifies falsely, he knew nothing about the information communicated to his brother when he bought the paper. In this state of the proof, we must hold with the court below, that the plaintiff took the note before maturity for a valuable consideration, without notice of any facts which tended to impeach its validity.

The court found that the note was actually made and delivered on Sunday, but was dated on Saturday. This execution of the note on Sunday, it is insisted, renders it void, even in the hands of an innocent indorsee. In *Hill v. Sherwood*, 3 Wis., 343, it was decided that a contract made on Sunday was invalid, and would not be enforced in a court of law. We have no intention to question or disturb that decision. For we

hold this rule, that where a party makes and puts in circula-
tion a negotiable note purporting to be made and bearing date
on some secular day, he is estopped, as against an innocent
holder, from showing that it was actually executed and deliver-
ed on Sunday. We cannot well conceive of a stronger case for
the application of the doctrine of estoppel than such a case
presents.

*By the Court.* — The judgment of the circuit court is af-
firmed.