THE TRADERS BANK OF CHICAGO v. ALSOP.

1. **Demurrer**: IN LAW ACTION: MUST BE SPECIFIC. A demurrer in a law action must specify the particular grounds of objection to the pleading assailed; (Code § § 2648, 2649;) and a demurrer to an answer in such a case, based on the general ground that the facts therein stated do not constitute a defense to plaintiff's action, should have been overruled.

2. **Promissory Note**: GIVEN FOR MONEY LOST AT GAMBLING: VOID IN HANDS OF INNOCENT HOLDER. Under § § 4028, 4029 of the Code, a promissory note given for money lost in a gambling contract is absolutely void and of no effect, and no life or validity is imparted to it by transferring it to an innocent holder for value before due. See authorities cited in opinion.

*Appeal from Delaware District Court.*

TUESDAY, JUNE 10.

ACTION on a promissory note executed by defendant, and

payable to Low Bros. & Co., and by them indorsed to plaintiff. Defendant aswered that the consideration of the note was money lost on a gambling contract. A demurrer to this answer was sustained, and, defendant refusing to plead further, judgment was rendered against him for the amount of the note, and he appeals.

*Charles Husted*, for appellant.

*Bronson & Leroy*, for appellee.

REED, J.—I. The allegation of the answer is "that the consideration of the note sued on was money lost on a gambling contract." It contains no statement of the facts of the transaction in which the note was given, and the point is made by counsel for appellee that the allegation is but the statement of a mere legal conclusion, and that the demurrer was properly sustained for that reason. The ground of the demurrer is that "the fact that the note was given for money lost on a gambling contract is no defense to the note in the hands of· the plaintiff, a *bona fide* holder thereof before maturity."

*1. DEMURRER: in law action: must be specific.*

Under our system of pleading, the demurrer in an ordinary action must specify the particular grounds of objection to the pleading relied on. Code, §§ 2648, 2649. The objection to the answer, which is specified in the demurrer, is, that the fact stated therein is not a defense to plaintiff's cause of action; not that the fact stated is not well pleaded. The point urged by counsel cannot, therefore, be considered.

II. The question raised by the demurrer and decided by the district court is, whether the fact that the consideration of the note was money lost in a gambling transaction will defeat a recovery on the note, plaintiff being an innocent purchaser thereof for value before maturity. Section 4029 of the Code is as follows:

*2. PROMISSORY note: given for money lost at gambling: void in hands of innocent holder.*

"All promises, agreements, notes, bills, bonds or other

contracts, mortgages or other securities, when the whole or any part of the consideration thereof is for money or other valuable thing won or lost, laid, staked or bet upon any game of any kind, or on any wager, are absolutely void and of no effect."

The position of appellee is that this section, and sections 2082 and 2083, are in *pari materia*, and should be considered together, and that, when so considered, they show an intention by the legislature to make instruments of this charater void only as between the maker and payee, or such endorsees as take them after maturity, or with notice of the consideration for which they are given. Under section 2082, notes in writing, by which one person promises to pay any sum of money to another, or his order or bearer, are negotiable by indorsement or delivery; and section 2083 provides that any person to whom such note is so indorsed or delivered may maintain an action thereon in his own name against the maker. The argument in support of the position is that, if it had been the purpose of the legislature to make any class of instruments, which by their terms are negetiable under section 2082, void in the hands of innocent holders, the rule established by section 2083 would not have been expressed in the general language used in that section; but an exception would have been expressed excluding such instruments from the operation of the rule. We think, however, that the position is not tenable.

Sections 2082 and 2083 in no manner change the rule of the common law with reference to the rights of the innocent holder of a negotiable promissory note before maturity. The rule is that the indorsee takes the instrument discharged of all equities as between the maker and payee; and this is the effect of those sections. Section 4029 provides that instruments of the class to which the note in suit belongs "are absolutely void and of no effect." The effect of this provision is not simply to create an equity in favor of the maker, but to make the note an absolute nullity. It is not only void and

of no effect as between the original parties to it, but it is incapable of having life or validity imparted to it by being negotiated. It is the instrument, and not the parties to it, which is affected by the statute.

The general holding of the authorities is, that the effect of a statute which makes instruments of this character void and of no effect, is to render them void in the hands of innocent holders. See Story on Promissory Notes, § 192; Byles on Bills, chapter 12; *Lowe v. Waller*, 2 Doug., 736; *Bridge v. Hubbard*, 15 Mass., 96; *Vallett v Parker*, 6 Wend., 615, where the doctrine is recognized; *Kendall v. Robertson*, 12 Cush., 156; *Cazet v. Field*, 9 Gray, 329.

Another very satisfactory answer to plaintiff's position is found in the fact that by section 4028 gambling of every description is forbidden, under penalty of fine and imprisonment.

This section alone would have the effect to render any contract which had its consideration in a gambling transaction void as between the parties. *Dillon v. Allen*, 46 Iowa, 299. So that, if it had been the intention of the legislature to make such instruments void only as between the parties, it was unnecessary to enact section 4029, as that effect was accomplished by section 4028. Having enacted the section, the presumption is conclusive that the intention was to effect a result not accomplished by any other statute. We think, therefore, that the court erred in sustaining the demurrer, and the judgment is

REVERSED.