## ROOT *v.* MERRIAM.

*(Circuit Court, D. Nebraska.* June 26, 1886.)

PROMISSORY NOTES—CONSIDERATION—OPTIONS IN GRAIN.

No recovery can be had on a promissory note, executed in the state of Illinois, where the consideration on which it is based arises from option deals in grain, even though the note may be owned and held by an innocent *bona fide* holder.[1]

Suit on Promissory Notes.

*Mr. Pritchett,* for plaintiff.

*Lambertson, Burnham & Holmes,* for defendant.

DUNDY, J. This suit is based upon two promissory notes, executed and delivered by the defendant to the parties, and for the purpose hereafter to be stated. Issues were joined, the cause was tried before a jury, and by them a special verdict was rendered, on which both parties claim they are entitled to judgment. The one note was given by the defendant to Martin & Bennett, in the city of Chicago, on the twenty-fourth of February, 1883, for the sum of $346.25, due in one year from that date. The other note was given to Thomas Bennett, at the same time and place, for the sum of $500, due in one year from the date of the same. Both were sold and transferred by the respective payees to this plaintiff, before due, and without notice of any alleged infirmity. The only defense interposed is that the consideration on which the notes were based was an *illegal* one, the same having been given in furtherance of a gambling contract, better known, perhaps, as an "option deal" in grain. The jury, by their special findings, fully sustained the truth of the matters on which the defendant relies for his defense. The only question necessary to consider here is, do the facts relied on by the defendant constitute a defense to notes given under such circumstances, when the same have been transferred, before due, to an innocent *bona fide* purchaser, who brings suit here to enforce the payment thereof? The payees in the note induced the defendant to embark in "option dealing" with them, and without any intention on the part of either to deliver any grain, as provided by their contracts. The transactions, as they were carried on from time to time, led to the payment of profits, and the repayments of losses sustained by the defendant. The venture, however, in the end, proved quite disastrous to the defendant, and finally culminated in his giving the notes in suit. At the time the notes were given the laws of the state of Illinois declared that notes given for such consideration should be deemed and held void. If the payees in these notes had brought suit in the state of Illinois, to enforce payment of the same, the result could not have been con-

[1]See note at end of case.

sidered doubtful.    There would then have been no question of *good
faith* on the part of any one for the court to consider.    As the laws
of the state of Illinois denounce such vicious transactions, and de-
clare to be void notes given in connection therewith, it is not per-
ceived how an innocent purchaser stands in any better attitude than
the payees, who knew all about the facts and participated in the
wrongs.    If the notes were *void* when given, they were void for all
purposes and for all time, and any number of transfers would not avail
an innocent holder.    If the plaintiff has any remedy against any one,
and if he is really an innocent purchaser, for value, as he claims, he
must seek his redress against the parties who have most likely sought
to use him to accomplish a purpose in which they were bound to fail,
had they sought relief in their own names.

These findings entitle the defendant to judgment for costs.

### NOTE.

Where the consideration of a note, and the foundation of the transaction by which
the note was given, both rested on a gambling transaction, though the note be negoti-
able in form, it is void, even in the hands of a good-faith and innocent holder for value.
Harper v. Young, (Pa.) 3 Atl. Rep. 670.

A note given for a consideration lost in a gambling transaction is an absolute nullity,
(under Code Iowa, §§ 4028, 4029,) and is void even in the hands of an innocent holder.
Traders' Bank of Chicago v. Alsop, (Iowa,) 19 N. W. Rep. 863.

Where some of the transactions which enter into the consideration of a note are mere
gaming transactions, they render the whole void.    Barnard v. Backhous, (Wis.) 6 N.
W. Rep. 252; S. C. 9 N. W. Rep. 595.

When a demand note, given as security for a continuing option transaction, but valid
on its face, was brought in the regular course of business, and for full value, 23 days
after date, by one who knew the payees of the note dealt in options, and suspected, but
did not know, that it had been taken in some option deal, it was held (1) that the
note had been negotiated within a reasonable time; and (2) that the purchaser was a
*bona fide* holder without notice, and entitled to recover.    Mitchell v. Catchings, 23 Fed.
Rep. 710.

An Illinois statute provided that all promises, notes, bills, contracts, etc., made upon
any gambling consideration should be void; that a court of equity might set aside any
such promise, etc.; and that no assignment of any bill, note, agreement, or other secu-
rity, as aforesaid, should in any manner affect the remedies of any person interested
therein.    The plaintiff indorsed certain drafts payable to his order, staked them at faro
and lost.    The drafts were subsequently transferred in the usual course of business, and
without notice, and for a valuable consideration, to the defendant.    In a suit to cancel
the indorsements, and to have the drafts delivered to the plaintiff, it was held that the
indorsements were void; that the defendant acquired no title to the drafts; and that
the plaintiff was entitled to the remedy sought.    Chapin v. Dake, 57 Ill. 295.    But see
Poorman v. Mills, 39 Cal. 345.