ORR et al. v. ST. ANTHONY'S CHURCH.

(Supreme Court, General Term, Second Department. May 11, 1891.)

NEGOTIABLE INSTRUMENTS—BONA FIDE PURCHASERS.

Plaintiffs supplied material to a contractor, to be used in the erection of defendant's building. Thereafter, upon demand of payment, it was agreed between all three parties that defendant and said contractor should settle their accounts, and that plaintiff should accept defendant's negotiable notes for any balance due the contractor in payment of his debt, which was done. Held, that plaintiffs were bona fide holders for value of said notes, unaffected by any errors that might have occurred in the accounting between the contractor and said defendant.

Appeal from judgment on report of referee.

Action by John C. Orr and others against St. Anthony's Roman Catholic Church on negotiable promissory notes. The defendant appeals from a judgment entered on the report of a referee.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

O. H. Sanderson, for appellant. Alfred B. Cruikshank, for respondents.

PRATT, J. The complaint sets out 28 negotiable instruments, and alleges that they were made by defendant, and delivered to one Reed, who in turn transferred them to the plaintiffs. The answer alleges that they were delivered to Reed in payment of a supposed debt, which did not in fact exist. Upon the trial it appeared that plaintiffs sold lumber to Reed, who used the same in building the church edifice of defendant. After Reed had performed work and furnished material upon the church of the value of $40,000 and upwards, being largely indebted to plaintiffs, they applied to him for payment on account; and it was agreed between Reed, the plaintiffs, and the pastor of defendant, who had charge of its affairs, that the account between Reed and the defendant should be audited by defendant's accountant, and for the balance, if any, found due to Reed from the church, the negotiable securities of defendant should be given. In pursuance of this arrangement Reed deposited his books with the defendant's accountant. Defendant's books were examined, and with such aid as Reed and the pastor could give it was determined that a balance was due Reed from the church. For this balance the securities in suit were issued, and the plaintiffs gave credit for them to Reed, and surrendered to him his promissory notes of equal amount, theretofore held by them. Upon these facts we are of opinion that plaintiffs are bona fide holders for value, that defendant is estopped from attacking the sufficiency of the consideration therefor, and that an error in the accounting would be no defense against these plaintiffs in this action. The referee remarks upon the meagerness of the proof as produced before him, and has some doubt as to whether it establishes the amount of the indebtedness due from the church to Reed. We do not think any doubt is permissible upon the subject. The account was examined, and the amount due determined when the matters were fresh in the minds of the parties. Since that time there has been little, if any, need to preserve the original entries of the transactions, and no reason why their memory should be perpetuated. It may be suggested that the defense of ultra vires is not pleaded, and therefore cannot be raised. Nor is there any averment that Reed had any knowledge at the time of the settlement of any error in the amount then determined to be due. Unless made with knowledge of their falsity, and with intent to deceive, neither of which are alleged or proved, it is not easy to see what legal effect would follow here from a mistaken statement on his part. The proof shows that the trustees of the church were all present when the certificates were authorized, and it cannot be claimed that Mr. Lane acted in bad faith, or went beyond his powers in issuing them. It follows that the judgment must be affirmed, with costs.