ARND, Appellant, vs. SJOBLOM, Respondent.

*April 15—April 30, 1907.*

*Note taken in violation of statute: Rights of* bona fide *holder.*

A note taken for lightning rods, but not having on its face the statement of such consideration required by ch. 438, Laws of 1903, is valid and enforceable in the hands of an innocent holder for value.

APPEAL from a judgment of the circuit court for Polk county: A. J. VINJE, Circuit Judge. *Reversed.*

Suit on ordinary promissory note, dated July 26, 1906, negotiable in form. Plaintiff gave evidence that he was an innocent purchaser for value before due with no notice of any defense or invalidity. It was stipulated that the note was in fact given in payment for lightning rods erected upon defendant's buildings in accordance with a prior written contract made by the defendant, whereupon, on motion of defendant, judgment of nonsuit was entered dismissing the action, from which the plaintiff appeals.

Arnd v. Sjoblom, 131 Wis. 642.

For the appellant there was a brief by *Frank B. Dorothy,* and oral argument by *John B. Sanborn.*

For the respondent there was a brief by *Kennedy & Yates,* and oral argument by *W. T. Kennedy.*

Dodge, J.  The constitutionality of ch. 438, Laws of 1903, as applied to notes given for lightning rods, is settled by *Quiggle v. Herman, ante,* p. 379, 111 N. W. 479, marking the distinction from its application to patent rights considered in *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231.

Appellant contends that a note taken in disobedience of the statute above referred to, negotiable in form, and having nothing upon its face to indicate its consideration or that it had been given in breach of such a statute, is valid and enforceable in the hands of an innocent holder for value. This contention is met by the respondent by the assertion that such note has already been declared to be void by this court in *J. H. Clark Co. v. Rice, supra,* at page 458 (106 N. W. 234), and that a note absolutely void has no existence and can gain no validity by its negotiation even to an innocent holder for value before maturity, and to this proposition he cites *Chapin v. Dake,* 57 Ill. 295; *Weed v. Bond,* 21 Ga. 195; *Cunningham v. Nat. Bank,* 71 Ga. 400; *Snoddy v. Am. Nat. Bank,* 88 Tenn. 573, 13 S. W. 127; *Traders' Bank v. Alsop,* 64 Iowa, 97, 19 N. W. 863; *Bayley v. Taber,* 5 Mass. 286; *Bridge v. Hubbard,* 15 Mass. 96; *Kendall v. Robertson,* 12 Cush. 156, to which perhaps he might have added *Walker v. Ebert,* 29 Wis. 194; *Kellogg v. Steiner,* 29 Wis. 626; *Keller v. Ruppold,* 115 Wis. 636, 92 N. W. 364. We shall not deem it necessary to decide whether a promissory note or other contract given in disobedience of a statutory provision, where the statute is accompanied by a penalty upon its disobedience, is absolutely void in the absence of any statute declaring it so. That general subject with many of the authorities bearing upon it is discussed in the case of *Laun v. Pac. Mut. L. Ins.*

*Co., ante,* p. 555, 111 N. W. 660, also in *Union T. Co. v. Preston Nat. Bank,* 136 Mich. 460, 99 N. W. 399, and *Sondheim v. Gilbert,* 117 Ind. 71, 18 N. E. 687. It should be noted, however, that the question of the validity of a note given in defiance of the statute above mentioned, if that statute were valid, was not the subject of consideration or decision in *J. H. Clark Co. v. Rice, supra.* The remark that such a note was doubtless void if the statute were valid was a mere concession from which the court proceeded to consider the constitutionality of the statute itself. And even were that an authoritative decision, there might well be doubt whether it was intended to declare the instrument void in circumstances other than then under consideration, namely, as between the original parties. The word "void" is often used in the sense of invalid rather than nonexistent.

Conceding, for the purposes of the discussion, that because the giving of a note for lightning rods without red-ink declaration of its consideration upon its face is in defiance of ch. 438, Laws of 1903, it is thereby rendered invalid, as we have decided is a note executed on Sunday (*Howe v. Ballard,* 113 Wis. 375, 89 N. W. 136, and *Brown v. Gates,* 120 Wis. 349, 351, 97 N. W. 221, 98 N. W. 205), does it necessarily follow that an innocent holder for value cannot recover thereon ? It was early decided by this court that a negotiable note, invalid between the original parties because given in defiance of a statutory prohibition accompanied by a penalty—*i. e.* one given on Sunday, but dated on Saturday,—would be enforced in the hands of an innocent holder having no knowledge of the illegal fact upon the ground of estoppel against the maker to assert such fact. *Knox v. Clifford,* 38 Wis. 651. The same principle has been invoked to support a usurious negotiable note in the hands of an innocent holder, although the statute declared it "void." *Sage v. McLaughlin,* 34 Wis. 550, 556. The general grounds upon which estoppel *in pais* rests are described in *Marling v. Nommensen,* 127 Wis. 363, 369, 106

N. W. 844. Hardly anything is more to be anticipated than that a negotiable note will be negotiated upon the faith of what appears upon its face (*Loizeaux v. Fremder,* 123 Wis. 193, 198, 101 N. W. 423); and the very issue of such paper without suggestion of any facts affecting its validity must be expected by every reasonable person to lead any purchaser to assume their nonexistence. The doctrine of *Knox v. Clifford, supra,* has been acted on by numerous other courts. *Cranson v. Goss,* 107 Mass. 439; *Vinton v. Peck,* 14 Mich. 287; *Hall v. Parker,* 37 Mich. 590, 594; *Johns v. Bailey,* 45 Iowa, 241, 245; *Leightman v. Kadetska,* 58 Iowa, 676, 12 N. W. 736; *New v. Walker,* 108 Ind. 365, 9 N. E. 386—the last case being decided under substantially the same statute as the one now invoked. Other decisions affirming the validity of commercial paper in hands of innocent holder, notwithstanding, illegality and consequent original invalidity, are *Union T. Co. v. Preston Nat. Bank,* 136 Mich. 460, 99 N. W. 399; *Traders' Bank v. Alsop,* 64 Iowa, 97, 19 N. W. 863; *Johnson v. Meeker,* 1 Wis. 436, 441; *Mack v. Prang,* 104 Wis. 1, 79 N. W. 770; *Keller v. Schmidt,* 104 Wis. 596, 602, 80 N. W. 935. We feel no doubt that the principle of *Knox v. Clifford* is sound and supports the right of this appellant to recover upon the facts as they appeared at the time of the nonsuit.

Further than this, our negotiable instrument statute, sec. 1676—27, Stats. (Supp. 1906; Laws of 1899, ch. 356), provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon except as provided in secs. 1944 and 1945 of these statutes, relating to insurance premiums, and also in cases where the title of the person negotiating such instrument is void under the provision of sec. 1676—25 of this act."

Sec. 1676—25 applies only to the case where the signer did not know the nature of the instrument and could not have obtained such knowledge by the use of ordinary care.    Secs. 1944, 1945, refer to a note given for an insurance premium, which by said sections is required to bear upon its face a declaration of its consideration, and omission thereof is penalized.    But for these express exceptions the provision is general that the innocent holder may enforce payment for the full amount free from defenses available between the original parties.    Such specific exceptions strongly indicate that no others were intended.    We cannot escape the conclusion that this statute supports plaintiff's right of recovery.

*By the Court.*—Judgment reversed, and cause remanded for new trial.