SAMSON, Respondent, vs. WARD and another, Appellants.

*September 14—October 3, 1911.*

*Evidence: Competency: Leading questions: Harmless errors: Bills and notes: Validity: Violation of statute: Innocent purchaser.*

1. The admission of evidence wholly and manifestly irrelevant to the issue submitted to the jury was not prejudicial error.

2. Where a witness has, without prompting, given his version of a conversation or transaction, if counsel thinks some things said or done have been inadvertently omitted he should be allowed by proper questions to stir the recollection of the witness again on that point. Such questions are not leading when they do not suggest the answer.

3. But where in such a case the witness, after hearing propounded to him a series of questions as to a matter supposed to have been omitted, which the court does not permit him to answer, is allowed to detail again the whole conversation and gives no testimony as to such matter, the error in excluding such questions will not be held prejudicial, since it cannot be presumed that any answer favorable to the party propounding them would have been elicited had the witness been permitted to answer.

4. A promissory note which, in violation of sec. 1675—1a, Stats. (Supp. 1906: Laws of 1903, ch. 438), does not state that the consideration therefor was the sale of a stallion, etc., is not void in the hands of an innocent purchaser for value in due course.

5. One who, before its maturity and without knowledge as to the original consideration, takes such a note in part payment and part execution of an executory contract, is an innocent purchaser for value, even though such contract is not fully executed until after notice to him of the consideration for which the note was originally given.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

For the respondent the cause was submitted on the brief of *Dietrich & Dietrich.*

TIMLIN, J.   In this action, brought to recover $500 on a negotiable promissory note, the respondent claimed to be a purchaser in due course and for value, while the appellants averred that the note was executed and delivered for a part of the purchase price of a stallion, and the note did not on its face contain the statement required by ch. 438, Laws of 1903 (sec. 1675—1a, Stats.: Supp. 1906), namely: "The consideration for this note is a sale of a stallion, or interest therein," and that the note was therefore void under that statute.

The evidence showed that the note was executed December 1, 1905, by the appellants to the order of W. L. Houser and payable May 1, 1909, in consideration of a sale of a stallion by Houser to appellants, and that the note was indorsed without recourse by W. L. Houser and then indorsed by J. J. Clemens, the person who made the sale of the stallion for Houser.   The uncontroverted evidence showed that the plaintiff took the note on January 30, 1907, at its face value in part payment for a quarter-section of North Dakota land on that day included in a land contract between plaintiff and Clemens, and thereafter and on or about December 14, 1908, Clemens paid the remainder due on the land contract and received his deed from plaintiff.   There was evidence tending to show that the plaintiff had no notice that the note was executed for such consideration, and the verdict submitted and answered consisted of two questions, as follows:

(1) "Did the plaintiff, at the time he purchased the note in question, have notice of the fact that the consideration for said note when given was a stallion?   A. No.

(2) "Did the plaintiff, at the time he received the note after the guaranty on the back of the same had been signed by Clemens, have notice that said note was given for a stallion?   A. No."

Error is assigned upon the admission of evidence of the plaintiff to the effect that in a conversation had between plaintiff and defendant *Cochran* in July, 1909, defendant

*Cochran* made some admissions relative to the adjustment or attempted adjustment with Houser with reference to the purchase price of the horse because the horse did not come up to the representations made at the time of sale.

Considering the narrowness of the issue submitted to the jury, which related not at all to respondent's knowledge or notice of equities existing in favor of the makers of the note and against the payee, but only to his knowledge or notice of the consideration for which the note was given, we cannot say that the admission of this evidence was prejudicial to the appellants. It was utterly irrelevant to those issues. It is neither just nor accurate to assume that juries are wholly devoid of reasoning power and influenced by such manifest irrelevancies. The same may be said of the third and fourth assignments of error. If erroneous the rulings were not prejudicial.

Error is assigned upon rulings sustaining objections made by respondent's counsel to questions put to the defendant *Cochran* by his counsel. These questions sought to draw out the fact that at the interview of July, 1909, the respondent admitted to *Mr. Cochran* that when respondent took the note he knew it was given for a stallion. The question as there propounded is in this form: "What was said, if anything, by *Mr. Samson* regarding his knowing what the note was given for before he took it?" This question was asked after the witness had gone over the interview and told what occurred without mentioning the point covered by the question. Objection having been sustained, the form of the question was then changed many times and attempted to be put to the witness, but the court sustained objections each time, but finally said: "The court will permit this witness to again recite the conversation that took place between him and *Mr. Samson* at the farm, commencing at the commencement of the conversation and going through it without any suggestion." The

witness repeated his version of the conversation, but did not state that *Mr. Samson* made any such admission.

In our opinion the rulings of the circuit court were erroneous and entirely too strict. Where a witness has, without prompting, given his version of a conversation or transaction and counsel thinks he has inadvertently omitted to mention some things said or done, he ought to be allowed by proper questions to stir the recollection of the witness again on this point. Such questions are not leading when they do not suggest the answer. But we are not convinced that the rulings were in this case prejudicial, because after hearing this series of questions propounded to him which he was not permitted to answer the witness was again allowed to detail the whole conversation and gave no such testimony. In the face of this record it would be impossible for us to presume that any answer favorable to the plaintiff's cause would have been elicited by the questions ruled out had the court permitted the witness to answer the same.

The principal assignment of error raises the question whether it can be said on the undisputed evidence that the respondent paid or parted with a consideration for the note in question before he obtained knowledge that the note was given for a stallion. It was decided in *Arnd v. Sjoblom,* 131 Wis. 642, 111 N. W. 666, construing ch. 438, Laws of 1903, relating to such notes, that this statute did not make the note void in the hands of an innocent purchaser for value in due course under secs. 1676—25 and 1676—27 of the negotiable instrument law (Supp. 1906: Laws of 1899, ch. 356).

The learned counsel for appellants raises a very interesting question here regarding the duty of the purchaser of a negotiable note who takes it in addition to other security held by him for the same debt. But we think the facts here in evidence do not present that question. Here the evidence showed, not that the respondent took the note as collateral

security to an executory contract, but in part payment and part execution of an executory contract, which was, after notice to the respondent of the consideration for which the note was given but prior to the commencement of this action, executed and closed out. This, we think, constitutes a payment at the time the note was received by respondent of a valuable consideration. 7 Cyc. 928, and cases in note 1; *Henneberger v. Matter,* 88 Mich. 396, 50 N. W. 369; *Naglee v. Lyman,* 14 Cal. 450; *Leger v. Bonnaffe,* 2 Barb. 475; *Orr v. St. Anthony's R. C. Church,* 60 Hun, 579, 14 N. Y. Supp. 333.

Where a note is taken as collateral security for a debt at that time created and on, the faith thereof, there is little or no dissent from the proposition that the consideration is sufficient and the indorsee a purchaser for value and in due course of business. 7 Cyc. 930, 931, and cases in note 12.

In *Bowman v. Van Kuren,* 29 Wis. 209, Dixon, C. J., says:

"When the note of a third person is transferred, *bona fide,* before due, as collateral security, and for value, such as in consideration of a loan, or advancement, or a stipulation, express or implied, of further time to pay a pre-existing debt, or in consideration of a change of securities of a pre-existing debt, or the like, the holder of such collateral will be protected from infirmities affecting the instrument before it was thus transferred."

One who takes a negotiable note before due in the usual course of business, though only as collateral security, making advances at the time on the credit of it, is within the protection of the rule. *Curtis v. Mohr,* 18 Wis. 615.

It is said in 7 Cyc. 932: "A bill or note may be transferred in like manner as security for the performance of an executory agreement, for advances to be made on it or for liabilities likely to be incurred, and the taker will be a holder for value to the extent of the advances made or liability incurred." Cases in note 14.

*By the Court.*—Judgment affirmed.

Barnes, J., took no part.