### In re FOOTVILLE CONDENSED MILK CO.

ROYS v. CAREY et al.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1916.)

No. 2316.

CORPORATIONS ⬦473—BONDS—DEFENSES AVAILABLE AGAINST BONA FIDE HOLDERS.

St. Wis. 1913, § 1753, adopted in 1874, provides that no corporation shall issue any bonds, except for money or property, estimated at its true money value, actually received by it, equal to 75 per cent. of the par value thereof, and that all bonds issued contrary thereto shall be void. Section 1676–27, adopted in 1899, provides that a holder in due course of a negotiable instrument holds it free from any defect of title of prior parties and may enforce payment for the full amount, except in certain cases, having no reference to corporate bonds. Section 1684–7, a part of the same statute, repealed certain sections of the statutes, provided that certain other sections should not be affected, and repealed all other provisions inconsistent therewith. Held, that it is not a defense available against a bona fide holder of negotiable bonds of a corporation that they were issued for less than 75 per cent. of their par value, since, if section 1753 applies to corporate bonds in the hands of innocent holders, it is in irreconcilable conflict with section 1676–27, and the legislation last enacted must prevail.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1842–1853, 1855; Dec. Dig. ⬦473.]

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition to Review and Revise an Order of the District Court of the United States for the Western District of Wisconsin; Ferdinand A. Geiger, Judge.

In the matter of the Footville Condensed Milk Company, bankrupt. A claim of lien by Emerson Carey and another was sustained by the District Court, and William B. Roys, trustee, brings a petition to review and revise. Order affirmed.

John B. Sanborn and Chauncey E. Blake, both of Madison, for petitioner.

Sam T. Swansen and R. W. Jackman, both of Madison, for respondents.

Before BAKER, KOHLSAAT, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge. The Footville Condensed Milk Company, a corporation, is bankrupt. Respondents, Carey and Guymon, are holders of $16,500 of its unregistered, negotiable bonds, payable to bearer, secured by trust deed of the bankrupt on certain of its property. Respondents acquired the bonds before their maturity in due course of business, from the Valencia Condensed Milk Company, advancing to the Valencia Company therefor the sum of $15,000 in cash, and receiving the bonds in good faith, without any knowledge of any infirmity in or defense to them. How or where the Valencia Company got the bonds the transcript does not disclose. A sale of the bankrupt's property, free of liens, was ordered by the referee, with direction that all persons claiming liens shall present their claims, which, if found valid, shall attach to the proceeds of the sale.

To the petition of respondents, setting forth the facts, and claiming a lien by virtue of the bonds, the trustee of the bankrupt estate answered that for the bonds so issued by the bankrupt corporation it, the bankrupt, did not receive in money, or labor, or property, or any of them, a sum equal to 75 per cent. of the par value of the bonds, and that the bonds were issued contrary to the provisions of section 1753 of the Statutes of Wisconsin, and are void. Respondents' demurrer to the answer was overruled by the referee. On review the District Court reversed the ruling of the referee and sustained the demurrer, and, the trustee electing to make no further answer, the District Court directed the referee to enter an order sustaining the lien as claimed.

It is the action of the District Court, in overruling the demurrer and sustaining respondents' claim for lien, against which the petition herein is directed. The question of law presented is whether corporate bonds issued in contravention of the provisions of section 1753 of the Wisconsin Statutes are valid in the hands of innocent holders. The section is as follows:

"No corporation shall issue any stock or certificate of stock except in consideration of money or of labor or property estimated at its true money value, actually received by it, equal to the par value thereof, nor any bonds or other evidences of indebtedness except for money or for labor or property estimated at its true money value, actually received by it, equal to seventy-five per cent.

of the par value thereof, and all stocks and bonds issued contrary to the provisions of law and all fictitious increase of the capital stock of any corporation ,shall be void."

Although adopted in 1874, and a number of times under consideration by the Supreme Court of Wisconsin, it does not appear to have been adjudicated by that court whether, as against innocent holders of such bonds, the corporate maker can sustain the defense of want of the consideration prescribed by this section. In the view we take it will not be necessary to consider whether or not under section 1753 alone, unaffected by subsequent legislation, such bonds in the hands of innocent holders are enforceable.

In 1899 Wisconsin adopted what is known as the Uniform Negotiable Instruments Law. Some of the sections thereof are as follows:

"1676–22. A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

"(2) That he became the holder of it before it was overdue, and without notice that it had been previously ·dishonored, if such was the fact;

"(3) That he took, it in good faith and for value;

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it;

"(5) That he took it in the usual course of business."

"1676–25. The title of a person who negotiates an instrument is defective within the meaning of this act when he obtains the instrument, or any signature thereto, by fraud, duress, or force or fear, or other unlawful means, or for an illegal consideration, or when ·he negotiates it in breach of faith, or under such circumstances as amount to a fraud and the title of such person is absolutely void when such instrument or signature was so procured from a person who did not know the nature of the instrument and could not have obtained such knowledge by the use of ordinary care.

"1676–26. To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.

"1676–27. A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon except as provided in sections 1944 and 1945 of these statutes, relating to insurance premiums, and also in cases where the title of the person negotiating such instrument is void under the provision of section 1676–25 of this act."

"1684–7. Sections 176, 1675, 1676, 1677, 1678, 1679, 1680, 1681, 1682, 1683 and 1684, of the statutes are hereby repealed. Sections 1944, 1945, 4193, 4194, 4425 and 4458 of said statutes are not affected by this chapter, and nothing herein shall be deemed to repeal any part of such sections. All other provisions inconsistent with this chapter are repealed."

The exceptions stated in 1676–27 have no reference to corporate bonds, but the inclusion of the particular exceptions to the otherwise general rule would indicate that no other exception was intended. The peculiar repealing clause (section 1684–7) likewise strongly indicates legislative intent that corporate bonds should not be excepted from the application of the general rule declared in favor of bona fide holders in due course, of negotiable instruments.

It will be observed that 11 enumerated sections of the prior statutes are by section 1684–7 specifically repealed, and 6 are declared to re-

main unaffected, and "nothing herein shall be deemed to repeal any part of such [six] sections," but that "all other provisions inconsistent with this act are repealed." If, apart from the Negotiable Instruments Law, section 1753 be construed as applying to corporate bonds in the hands of innocent holders, it is in direct conflict with the Negotiable Instruments Law, particularly with section 1676–27, which distinctly provides that the holder in due course holds the instrument free from defects of title of prior parties, and from defenses available between prior parties. The inconsistency is irreconcilable, and in such case the legislation last enacted must prevail; and this conclusion is in harmony with the holdings of the Supreme Court of Wisconsin as to the effect of the Negotiable Instruments Law in this respect.

In Quiggle v. Herman, 131 Wis. 379, 111 N. W. 479, it was held that under section 1675–1a, Stats. Wis., providing that, where notes are given for stallions, lightning rods, and some other purposes, the consideration must be stated on the note in red ink, a note given for a stallion without the indorsement on the note as so required, was void in the hands of one taking it with knowledge of the consideration. But the court said:

"Whether the maker of such a note which has passed into the hands of an innocent purchaser before due would be estopped from setting up the illegality of the transaction, as was held with regard to a note executed on Sunday but dated on a secular day (Knox v. Clifford, 38 Wis. 651, 20 Am. Rep. 28), is not necessary to be considered, as the answer alleges that the plaintiff knew when he received the note that it was given in part payment for a stallion."

At the same term that court decided the case of Arnd v. Sjoblom, 131 Wis. 642, 111 N. W. 666, 10 L. R. A. (N. S.) 842, 11 Ann. Cas. 1179, which involved a note given for a lightning rod, the statutory red-ink indorsement of the consideration not appearing on the note, and the action being by an innocent holder in due course. While the court reached the conclusion that as against a bona fide transferee of the note the maker would in any event be estopped from making this defense, what was said in the opinion as to the effect of the Negotiable Instruments Act on such a note in innocent hands is quite in point here. We quote the following therefrom:

"Further than this, our negotiable instruments statute (section 1676–27) provides: [Section is quoted.] * * * Section 1676–25 applies only to the case where the signer did not know the nature of the instrument and could not have obtained such knowledge by the use of ordinary care. Sections 1944, 1945, refer to a note given for an insurance premium, which by said sections is required to bear upon its face a declaration of its consideration, and omission thereof is penalized. But for these express exceptions the provision is general that the innocent holder may enforce payment for the full amount free from defenses available between the original parties. Such specific exceptions strongly indicate that no others were intended. We cannot escape the conclusion that this statute supports plaintiff's right of recovery."

In Samson v. Ward, 147 Wis. 48, 132 N. W. 629, the court held another stallion note without red-ink indorsement good in the hands of an innocent holder in due course, saying:

"It was decided in Arnd v. Sjoblom, 131 Wis. 642, 111 N. W. 666, 10 L. R. A. (N. S.) 842, 11 Ann. Cas. 1179, construing chapter 438, Laws of 1903, relating to such notes, that this statute did not make the note void in the hands

of an innocent purchaser for value in due course under sections 1676–25 and 1676–27 of the Negotiable Instruments Law."

We are of opinion that under the negotiable instruments statute of Wisconsin, the asserted defense that the bonds did not realize to this corporate maker 75 per cent. of their par is not available against these respondents, and that the District Court was right in sustaining the demurrer, and in directing an order to be entered finding the bonds a valid lien on the proceeds of the property covered by the trust deed securing them.

The order of the District Court is affirmed.